IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KAILA F. GILBY                                                               PLAINTIFF

v.                                  CIVIL NO. 17-2044

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                   DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Kaila F. Gilby, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

The application for DIB presently before this Court was protectively filed on January 4, 2012, alleging an inability to work since August 27, 2011, due to lower back problems, asthma and depression. (Tr. 140). For DIB purposes, Plaintiff maintained insured status through December 31, 2016. (Tr. 143). An administrative hearing was held on December 4, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 38-93).

In a written decision dated March 8, 2013, the ALJ found that Plaintiff retained the RFC to perform light work with limitations. (Tr. 19-32, 910-920). The Appeals Council declined review of the ALJ's decision on November 24, 2014. (Tr. 1-3, 925). Plaintiff appealed this decision in federal district court.

1

In a decision dated July 20, 2015, the Court remanded Plaintiff's case back to the Commissioner for further consideration. (Tr. 931-939). The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to the ALJ on September 10, 2015. (Tr. 940-942). A supplemental hearing before the ALJ was held January 21, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 856-906).

By written decision dated January 19, 2017, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 837). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease/osteoarthritis of the lumbar spine; asthma; obesity; chronic obstructive pulmonary disease (COPD); history of laparoscopic repair of hiatal hernia; history of syncope; depressive disorder, not otherwise specified (NOS); major depressive disorder; post-traumatic stress disorder (PTSD); schizoid personality traits; and borderline personality traits. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 837). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. However, she should never climb ladders/ropes/scaffolds. The claimant should avoid even moderate exposure to temperature extremes, wetness, humidity, fumes/odors/dusts/gases/poor ventilation. She should avoid concentrated exposure to hazards including no driving as part of work. The claimant is further able to perform simple, routine, repetitive tasks in setting where interpersonal contact is incidental to work performed and the supervision required is simple, direct and concrete.

(Tr. 841). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small products assembler and a document preparer. (Tr. 849).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 8th day of May 2018.

>/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE